## PUBLIC SERVICE COMMISSION OF the STATE OF NEW YORK, Petitioner,

v.

## FEDERAL ENERGY REGULATORY COMMISSION,* Respondent,

Northern Illinois Gas Company et al., Central Illinois Light Company New England State Intervenors, Mobil Oil Corporation, Tennessee Gas Pipeline Company, Midwestern Michigan Transmission Company, Northern Michigan Exploration Co., and Consumers Power Co., Intervenors.

## The BROOKLYN UNION GAS CO., AS-SOCIATED GAS DISTRIBUTORS, Petitioners,

v.

## FEDERAL ENERGY REGULATORY COMMISSION, Respondent,

Northern Illinois Gas Company et al., Central Illinois Gas Company, New England State Intervenors, Mobil Oil Corporation, Tennessee Gas Pipeline Co., Midwestern Gas Transmission Co., Consumers Power Company, and Northern Michigan Exploration Co., Intervenors.

Nos. 76–1956, 76–1957.

United States Court of Appeals, District of Columbia Circuit.

Argued Dec. 13, 1977.

Decided Feb. 9, 1978.

Frederick Moring and Richard A. Solomon, Washington, D. C., with whom Peter H. Schiff, Gen. Counsel, Public Service Commission of the State of New York, Albany, N. Y., and Sheila S. Hollis, Washington, D. C., were on the brief, for petitioners.

* This opinion may be referred to as *Public Service Commission of New York v. Federal Energy Regulatory Commission [Chandeleur remand].* The functions of the Federal Power Commission were transferred to the Federal Energy Regulatory Commission by § 402 of Public Law 95–91, 91 Stat. 565.

Philip R. Telleen, Atty., Federal Energy Regulatory Commission, Washington, D. C., with whom Drexel D. Journey, Gen. Counsel, Robert W. Perdue, Deputy Gen. Counsel, Allan Abbot Tuttle, Solicitor, Federal Energy Regulatory Commission, Washington, D. C., were on the brief, for respondent.

Carroll L. Gilliam, Washington, D. C., with whom Roscoe C. Elmore, Houston, Tex., and Philip R. Ehrenkranz, Washington, D. C., were on the brief, for Intervenor, Mobil Oil Corp.

J. Stanley Stroud, Chicago, Ill., also entered an appearance for intervenor, Northern Illinois Gas Co., et al.

Richard M. Merriman and J. Richard Tiano, Washington, D. C., also entered an appearance for intervenor, Central Illinois Light Co.

Melvin Richter, Washington, D. C., also entered an appearance for intervenor, Tennessee Gas Pipeline Co. and Midwestern Gas Transmission Co.

William Warfield Ross and Richard A. Brown, Washington, D. C., also entered appearances for intervenors, Consumer Power Co. and Northern Michigan Exploration Co.

Before BAZELON, Chief Judge, LEVENTHAL and ROBINSON, Circuit Judges.

Opinion for the Court filed by Circuit Judge LEVENTHAL.

LEVENTHAL, Circuit Judge:

In this case, petitioners again challenge the *Chandeleur* doctrine [1] under which producers are permitted to use some of their offshore natural gas for their own refining and other processes, beyond any "entitlement" under general allocation policy in order to provide an incentive for offshore gas production. The *Chandeleur* doctrine was put forward by the Federal Power Commission in 1969, and approved by this court in 1972. But petitioners challenge its continuing validity on the ground that events have shown it to be ineffective as an incentive. Alternatively, petitioner Associated Gas Distributors has argued that, if an incentive scheme is found to be viable, the incentive should take the form of a rate increase rather than a diversion of gas from the interstate market.

In the first of the orders here appealed, Opinion No. 743, issued September 9, 1975,[2] the Federal Power Commission (hereafter Commission) granted certificate applications implementing the *Chandeleur* doctrine. The certificates, however, imposed restrictions on volume and end-use of the gas to be transported for the producer, Mobil. Applicants and intervenors applied for rehearing. On October 19, 1976, the Commission issued Opinion No. 743–A, in which it declined to change its decision with the exception of certain modifications not here relevant.

Subsequently, the Commission issued Opinions 770 and 770–A which did increase natural gas prices.[3] In light of this increase, the Commission decided, in Opinion No. 789, issued on March 7, 1977, that "the Chandeleur incentive is no longer necessary to encourage the further development of natural gas reserves." Opinion No. 789 is now pending on rehearing before the Federal Energy Regulatory Commission, to which the functions of the Federal Power Commission were transferred through duly

---

1. *Chandeleur Pipeline,* 42 FPC 20 (1969), *remanded, Public Service Commission of New York v. Federal Power Commission,* 141 U.S. App.D.C. 174, 436 F.2d 904 (1970); *Chandeleur Pipeline Co.,* 44 FPC 1747 (1970), *aff'd,* 149 U.S.App.D.C. 421, 463 F.2d 824 (1972).

2. R. 1433–49.

3. *See* Opinion No. 770, issued July 27, 1976, and Opinion No. 770–A, issued November 5, 1976. The court affirmed, *American Public Gas Assn. v. FPC* [Second National Natural Gas Rate cases], 186 U.S.App.D.C. 23, 567 F.2d 1016 (1977).

894

authorized reorganization, and which will also be referred to as the Commission.

We think the issues before us are such as to require a remand to the Commission. On the one hand, petitioners argued strenuously that the *Chandeleur* incentive policy developed by the Commission proved to have little justification, and that accordingly the Commission had a duty to reassess the continuing validity of *Chandeleur* in the context of the present case.[4]

If the Commission had decided to grant the alternative request of AGD, it would have ended up revoking *Chandeleur* and granting a price increase as a price incentive—and that is where the FPC has ended up. According to counsel, New York is not interested so much in retroactive relief as in assuring that in the future Mobil's take will be in accordance with FPC's prevailing allocation rules, and without unnecessary extras.

There is a prior question whether, even if the *Chandeleur* doctrine had been revoked as a general matter, the FPC would have maintained it as a policy applicable for particular cases. Commission counsel argues that the grant of certificates implementing the *Chandeleur* policy hastened the production of new gas in this case. New York replied in argument that Mobil, the producer, was nearing the end of a five-year lease on the pertinent offshore field and was likely to develop this field in the near future.

There is also confusion in the record as to whether the use by Mobil of natural gas for "process heating" would be significant. Such use would free up some heating oil for home use.[5] The administrative law judge found, however, that the gas used by Mobil would heat more homes than the petroleum product being liberated.[6]

Finally, there is the question of what relief should be provided even if the *Chandeleur* doctrine has been revoked prospectively as unsound. The certificates might be deemed to lapse as of the present time, whereupon Mobil will have to comply henceforth with allocation formulas in obtaining gas from the interstate market.

All of these issues are for the agency in the first instance. The case is remanded for its further consideration.

*So ordered.*

4. *See Public Serv. Comm. for State of N. Y. v. F P C,* 167 U.S.App.D.C. 100, 107–08, 511 F.2d 338, 345–46 (1975). *See also United States v. C A B,* 167 U.S.App.D.C. 313, 511 F.2d 1315 (1975).

